Filed 12/10/25  P. v. Oscar R. CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>OSCAR R.,<br><br>    Defendant and Appellant. | B341601<br><br>(Los Angeles County<br>Super. Ct. No. IJ0556A) |

        APPEAL from an order of the Superior Court of Los Angeles County, J. Christopher Smith, Judge.  Affirmed as modified.

        Dee Haysahi, under appointment by the Court of Appeal, for Defendant and Appellant.

        Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Idan Ivri, Supervising Deputy Attorney General, Roberta L. Davis, Deputy Attorney General, for Plaintiff and Respondent.

After finding Oscar R. possessed a firearm in a place that Oscar knew, or reasonably should have known, was a school zone, in violation of Penal Code section 626.9, subdivisions (b) and (f)(1), the juvenile court declared him a ward of the court under Welfare and Institutions Code section 602 and placed him on home probation.[1]  The court imposed various terms and conditions of Oscar's probation, one of which was to pay a $100 restitution fine.  Oscar appeals from the disposition order, asking only that we strike the $100 restitution fine.

As the People concede, Oscar's appeal has merit.  At the time of Oscar's disposition hearing in September 2024 section 730.6, former subdivisions (a) and (b), required the juvenile court to impose a restitution fine.  (See Stats. 2015, ch. 131, § 1; *In re Steven F.* (1994) 21 Cal.App.4th 1070, 1079.)  However, after that the Legislature enacted Assembly Bill No. 1186 (2023-2024 Reg. Sess.), effective January 1, 2025, which amended section 730.6 to prohibit the court from "impos[ing] a separate and additional restitution fine against a minor found to be a person described in Section 602."  (§ 730.6, subd. (a)(2), as amended by Stats. 2024, ch. 805, § 6.)  Though the juvenile court must still order the minor to pay any direct victim restitution (§ 730.6, subds. (a) & (b)), the court may not impose a restitution fine.

As the People further concede, because Oscar's appeal was pending and his case is not final, he is entitled to the benefit of the new law.  (See *In re Estrada* (1965) 63 Cal.2d 740, 748 ["where the amendatory statute mitigates punishment and there is no saving clause, the rule is that the amendment will operate

---

[1]  Undesignated statutory references are to the Welfare and Institutions Code.

2

retroactively so that the lighter punishment is imposed"]; see also *People v. Vieira* (2005) 35 Cal.4th 264, 305 [defendant was entitled to the benefits of amendments to a statute governing a restitution fine that became effective while the defendant's case was on appeal]; *In re Hunter W.* (2023) 88 Cal.App.5th 358, 367 [ameliorative statutory amendments apply to non-final juvenile cases]; *In re N.D.* (2008) 167 Cal.App.4th 885, 891 [the "*Estrada* rule has been applied to juvenile delinquency judgments"].)

The restitution fine is stricken.  The disposition order is modified to strike the restitution fine as a term and condition of Oscar's probation.  The order is otherwise affirmed.


SEGAL, J.

We concur:


MARTINEZ, P. J.


STONE, J.

3